FILED

FEB 27 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIN LIU, | No. 09-70413 |
| Petitioner, | Agency No. A098-471-463 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 9, 2012
Pasadena, California

Before: D.W. NELSON, O'SCANNLAIN, and N.R. SMITH, Circuit Judges.

Min Liu petitions for review of the decision by the Board of Immigration

Appeals (BIA) denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture (CAT). The BIA affirmed the

immigration judge's (IJ) denial of relief based upon adverse credibility grounds.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny Liu's petition for review.

The BIA affirmed the IJ's adverse credibility finding because Liu (1) failed to corroborate her claim and (2) gave inconsistent testimony regarding the gender of her supervisor. Substantial evidence supports the BIA's finding that Liu failed to corroborate her claim of persecution.[1]

Under the REAL ID Act, even assuming Liu credible, the IJ can request corroboration to support Liu's application. *See Aden v. Holder*, 589 F.3d 1040, 1044 (9th Cir. 2009) (noting that 8 U.S.C. § 1158(b)(1)(B)(ii) "says that the applicant's credible testimony 'may' be sufficient without corroboration, but the trier of fact may require corroboration (unless not reasonably obtainable) even for 'otherwise credible testimony'"). This court "may not reverse the IJ's and BIA's conclusion that [Liu] should have been able to obtain [medical records] unless 'a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.'" *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)). Here, during the initial merits hearing, the IJ stated to Liu (and her counsel) that

---

[1] Because we hold that substantial evidence supports the BIA's conclusion that Liu failed to produce corroborating evidence, we need not determine whether Liu's testimony was inconsistent.

2

I would expect medical records to be available and respondent has not explained why those records have not been provided to corroborate the timing and nature of the medical treatment that she received because I think that that would corroborate her claims regarding that particular detention, so I would expect either that she produce the medical records or that she explain why they're not available.

Seven months later (at the continued merits hearing), Liu failed to provide the records. Initially, Liu testified that she could not afford to pay for the medical receipt (evidencing she received treatment). In response, the IJ emphasized that she previously requested medical records to corroborate Liu's testimony (not a receipt). Liu then testified that she could get the records, but that no one had ever asked her for them (contrary to the express request of the IJ to Liu and her counsel). Thus, substantial evidence supports the BIA's conclusion that Liu failed to provide easily available corroborating medical records to support the claim that she was detained and, as a result of such detention, sought medical treatment.[2] *See* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence *must be provided* unless the applicant does not have the evidence and

---

[2] As with our recent decision in *Oshodi v. Holder*, we need not determine whether the IJ is required to provide a petitioner notice that corroborating documents are required, where as here, the IJ provided Liu notice and an opportunity to explain why she did not have the requested documents. ___ F.3d ___, 2012 WL 232997, at *4 (9th Cir. Jan. 26, 2012).

3

cannot reasonably obtain the evidence." (emphasis added)); *see also Ren v. Holder*, 648 F.3d 1079, 1094 (9th Cir. 2011). In the absence of corroborating evidence, Liu's asylum and withholding of removal claims fail. *See Aden v. Holder*, 589 F.3d at 1045; *see also Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Liu's CAT claim is based, in part, on the same testimony the BIA found not credible, and she points to no other arguments showing it is more likely than not she will be tortured if returned to China, her CAT claim also fails. *See Farah*, 348 F.3d at 1156-57. Further, substantial evidence also supports the BIA's denial of CAT relief because Liu failed to demonstrate that it was more likely than not she would be singled out for torture based upon her illegal departure. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**